IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03741-TPO

HAROLD FABIAN CORREA,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as
Warden of the GEO Aurora ICE Detention Facility,

ROBERT HAGAN, in his official capacity as
Field Office Director of the Denver Field
Office of Enforcement and Removal Operations,
U.S. Immigration and Customs Enforcement,

TODD M. LYONS, in his official capacity as
Acting Director, U.S. Immigration and
Customs Enforcement,

KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of
Homeland Security,

and

PAMELA JO BONDI, in her official capacity
as Attorney General of the United States,

    Respondents.

---

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1 ¶ 24. Petitioner is "in custody" for the purpose of § 2241. *Id*.

 The Clerk of Court directly assigned this case to me pursuant to D.C.COLO.LCivR 40.1.

As he pleads in his Petition, Petitioner is a citizen of Colombia. *Id*. ¶ 1. He entered the United States on or about August 26, 1999, and has remained in the country continuously since then. ECF 1 ¶ 12; ECF 1-2 at 20.

On August 13, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner and issued him a Notice to Appear. ECF 1-2 at 3. On November 3, 2025, Petitioner filed a Motion for Custody Redetermination and Bond. ECF 1 at 3. On November 7, 2025, Petitioner appeared before an Immigration Judge in Aurora, Colorado, where his request for bond was denied. ECF 1-2 at 32. The rationale given by the Immigration Judge for the denial of bond was that the immigration court "lacks jurisdiction because respondent is detained under section 235 of the Act." *Id.* The Immigration Judge also found in the alternative, that if the immigration court had jurisdiction, then he would have granted bond in the amount of $20,000 "with any conditions deemed necessary by the Department of Homeland Security." *Id.*

The Petitioner raises three claims. ECF 1 ¶¶ 67-82. Essentially, Petitioner contends that the Immigration Judge improperly considered his request for a bond hearing under 8 U.S.C. § 1225(b)(2), a provision that requires individuals "seeking admission" to be mandatorily detained. *Id*. ¶ 38. His continued detention under § 1225(b) is unlawful, he argues. *Id*. ¶ 2. Instead, his request should have been considered under 8 U.S.C. § 1226(a), a provision that generally allows individuals to be released on bond. *Id.* ¶ 37. This was the practice for decades before ICE broadened its interpretation of individuals subject to mandatory detention under § 1225(b)(2)(A) in July of 2025. *See id.* ¶¶ 37; 41-45. The Board of Immigration Appeals (BIA) later adopted ICE's interpretation in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner cites to numerous federal district court decisions where courts have found "that § 1226, not § 1225(b)(2), authorizes detention of noncitizens who entered without inspection and were later apprehended in

the interior of the country." *Id.* ¶ 48. Petitioner first argues that he was allowed to enter into the country lawfully, and therefore he is not part of the group of individuals affected by *Matter of Yajure Hurtado* decision. *Id.* ¶¶ 12, 46. In the alternative, Petitioner urges this Court to reject ICE's and BIA's expansive interpretation of § 1225(b)(2) and find § 1226(a) applies. If either argument is successful, Petitioner would be eligible for release on bond. *Id.* ¶¶ 49-51, 55.

ICE continues to detain him at the GEO Aurora Detention Center in Aurora, Colorado. *Id*. ¶¶ 4, 18-21. He adds that if the Respondents deny his I-589 Application for Asylum, then "he may be ordered removed from the United States without the opportunity to apply for Adjustment of Status." *Id*. ¶¶ 64-65. Petitioner asks this Court to issue an Order for Respondents to Show Cause why the Petition should not be granted, find his detention under § 1225(b)(6) is unlawful, order his release from custody on bond with conditions, and award attorney's fees and costs. *Id.* at 18.

Petitioner also asks this Court to "[o]rder that he not be transferred outside of this District". *Id*. at 18. However, Petitioner does not file a motion under Fed. R. Civ. P. 65(b) for a temporary restraining order to enjoin Respondents from transferring him outside of the District (including of course removal from the United States). Because Petitioner does not file such a motion, this Court does not consider that request to be for expedited injunctive relief. However, should that be the relief he seeks, he shall file the appropriate Rule 65 motion.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with this Petition, exhibits, and this Order to Show Cause by <u>December 11, 2025</u>**. Within 48 hours of serving Respondents with this Petition and Order to Show Cause, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter their notices of appearance.

The Parties shall complete and file the Magistrate Judge Consent Form [ECF 3] on or before **December 15, 2025.**

Within **30 days** from the date of service, Respondents shall show cause why the Petition [ECF 1] should not be granted.

Within **14 days** of Respondents' Answer to this Order to Show Cause, Petitioner may file a Reply in support of his Petition.

SO ORDERED.

DATED at Denver, Colorado, this 7th day of December, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge